**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                              Criminal No. 10-cr-160-01-JD

<u>Eric Arsenault</u>

**<u>O R D E R</u>**

On March 4, 2011, the defendant appeared for a bail revocation hearing pursuant to 18 U.S.C. § 3148.

The background is as follows: Defendant is charged with Unlawful User in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(3), and Making a False Statement During the Acquisition of a Firearm in violation of 18 U.S.C. § 922(a)(6). On December 2, 2010, defendant was released on bail following his initial appearance in this court.

The government alleges that since defendant's release on bail in December, he has tested positive for heroin use on numerous occasions despite having successfully completed a 30-day in-patient treatment program and started an intensive out-patient program. The two violations before the court allege that defendant tested positive for morphine/heroin on February 21, 2011, and failed to attend a counseling session on February 25, 2011. The Office of Probation and Pretrial Services

maintains that this conduct violates conditions of bail as set forth in its report dated March 2, 2011. Prior positive drug tests resulted in requests for "no action," both of which were approved by the court, in an attempt to deal with defendant's relapses with treatment rather than detention.

A request to revoke bail is governed by 18 U.S.C. § 3148, which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is-
>
> > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> >
> > (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
> > (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> >
> > (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148 (b)(1)-(2). The government has the initial burden to establish the violation under 18 U.S.C. § 3148 (b)(1). If the government establishes probable cause to believe the

defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3148(b)(2).  Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of section 3148 (b)(2)(A) or (B).  Aron, 904 F.2d at 224; United States v. Poinsett, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

In this case, defendant conceded that the government had sufficient evidence to establish probable cause that he violated the conditions of his bail as charged.  Thus, the only question before the court was whether to release the defendant.  For all of the reasons stated on the record, the court finds that defendant's drug addiction is so severe that he is unlikely to abide by any conditions or combination of conditions of release.  Therefore, the conditions of release are revoked.

Accordingly, it is **ORDERED** that the defendant be detained. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

To the extent consistent with the jail's regulations, and presuming that defendant qualifies for admission, the court makes a recommendation that defendant be allowed entrance into the Therapeutic Community Program, or the "T.C. Program," at the Strafford County House of Corrections.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  March 7, 2011

cc:  Michael C. Shklar, Esq.
     Debra N, Walsh, Esq.
     U.S. Marshal
     U.S. Probation